REID, Judge.
This suit was brought by Willie Randall, a fifty-four year old colored male, against Schuylkill Products Company, Inc., his for *354 mer employer, under the Workmen’s Compensation Act of the State of Louisiana. Plaintiff was employed by Schuylkill for approximately 14 years, during which period he developed hypertension which ultimately led to heart disease and congestive heart failure. Plaintiff was, upon diagnosis, advised not to work for a while and was placed on medication. He was subsequently refused re-employment on the basis of a physical examination which showed continued hypertension and heart disease.
Plaintiff then filed suit seeking the maximum benefits under the Louisiana Workmen’s Compensation Act for total and permanent disability arising out of and during the course and scope of his employment. Judgment was rendered March 26, 1965, in favor of the defendant on the grounds that there was no causal connection between plaintiff’s employment and his heart condition. From this judgment the plaintiff has brought this appeal.
On appeal, plaintiff alleges five errors, to-wit :
“1. The trial court was in error in ruling that there was no causal relation between plaintiff’s disability and his employment.
2. The trial court was in error in not ruling that plaintiff is now totally and permanently disabled from performing work of any reasonable character for which he is suited by his training and experience and thus entitled to maximum compensation benefits.
3. The trial court was in error in not ruling that plaintiff had suffered an accident during the scope and course of his employment, within the terms of the Louisiana Workmen’s Compensation Statute.
4. The trial court was in error in not ruling that defendant is liable to plaintiff for all of his medical expenses resulting from his disability, up to the statutory limit.
5.The trial court was in error in not awarding to plaintiff the statutory penalties and attorney’s fees for arbitrary refusal of defendant to pay compensation.”
As stated above, the trial judge based his decision solely on the question of the causal relation between the disability and the employment. We will deal first with this issue as all others will be moot if the trial judge is affirmed.
In dealing with such a question, we refer to the analysis recommended by Professor Wex S. Malone, in his textbook, Louisiana Workmen’s Compensation, Law & Practice, for dealing with such cases. At Section 212, Professor Malone, using the case of Wynn v. Standard Roofing Company, La. App. 1st Circuit 1935, 154 So. 668 as an example, determines that the first question to be answered is whether the Compensation Act should apply where the employment aggravates a pre-existing weakness. In other words, must the employer take the employee as he finds him? This question was, according to Professor Malone, “conclusively resolved in favor of liability.”
This being so, the next question is whether the evidence shows that the employment actually aggravated said pre-existing weakness. “This is”, according to Professor Malone, “purely an inquiry of fact”.
In the present case although it is established that the Compensation Act applies to a situation in which the conditions of employment aggravate a pre-exist-ing weakness, there is no medical testimony that shows to a reasonable certainty that the condition of employment actually aggravated the pre-existing weakness.
The testimony of Dr. Henry B. Harvey, Jr., the plaintiff’s own witness, establishes no such causal relationship; on the contrary, it shows that the hypertension which precipitated the plaintiff’s heart condition is *355 of an unknown cause. Dr. Harvey testified as follows:
“Q. You say or I believe you said ‘marked heart disease,’ just what type of heart disease was this ?
A. Well, it would be classified as hypertensive heart disease, hypertensive cardiovascular disease. The electrocardiogram revealed that he had marked interference with the circulation in the heart.”
* * í{t i{i * *
“Q. What is your medical opinion as to what the cause of Willie Randall’s condition was ?
A. It is my opinion that his condition was related to his hypertension.
Q. The actual heart condition was a result of the hypertension. Now, what about the hypertension? What would be your opinion of the cause of the hypertension?
A. There are many causes of hypertension. Most of them fall into the broad category of what is known as essential hypertension, which means that we don’t know the cause. There are renal diseases, kidney diseases, and things of this nature which will cause hypertension. To my knowledge, he doesn’t have these things. He has what we call essential hypertension. The exact etiology of this is as yet unknown.”
Continuing,
“Q. Suppose at the time of his employment he was in apparently good health, he was hale and hearty, had not missed any work previously, had no difficulty of any kind, and he was able to do a hard day’s work without any difficulty whatsoever ?
A. You would then be only presuming but you would presume that the type of work that he was doing aggravated the situation. There are so many ‘if’s’ in something like this because people who do not work have high blood pressure and people who do not work have heart disease. People who do have something wrong who are under stress and strain and heavy physical exertion have more, if that answers your question.”
It is obvious from Dr. Harvey’s testimony that there is no causal relationship between the employment and the hypertension and heart disease from which the plaintiff suffered. As to any aggravation of the condition, although he established the possibility, he cannot and testify to any certainty whatsoever, that there was any such aggravation. Certainly nothing in the above testimony established by a preponderance of evidence to a reasonable certainty that there was any causal relationship.
Additionally, Dr. James W. Lorio, called as a witness for the defendant testified as follows:
“Q. Does that mean that in your opinion his work did not cause his heart condition ?
A. His work was not the etiology of his hypertension or his presumed heart condition.”
Further, on cross-examination:
“Q. Could they (the conditions of employment) aggravate this once it was in existence ? Could they precipitate the development, could these conditions precipitate the development of this condition?
A. Those conditions could not precipitate the development condition, to answer the last part of the question first, and to answer the first part of the question, I previortsly testified that in the uncomplicated phase that it is unjustified in my personal feeling and in my readings on the subject to impose restrictions on this patient continuing in manual labor as an undiagnosed, *356 asymptomatic, early, uncomplicated, primary, essential hypertension.”
Finding no evidence in the testimony of either of the two medical doctors to substantiate a causal relationship between the conditions of employment on the physical condition of the plaintiff or on aggravation thereof, we have no alternative but to affirm the trial judge in dismissing the suit.
Affirmed.